### ISAAC G. REED *vs.* INHABITANTS OF ACTON.

Middlesex.   Jan. 13. — March 2, 1876.   COLT & ENDICOTT, JJ., absent.

On the issue whether the location of land taken by the selectmen of a town for the purposes of a school-house, under the Gen. Sts. c. 38, § 38, was, as required by the Gen. Sts. c. 43, § 65, " filed in the office of the town clerk seven days at least " before the town meeting at which the doings of the selectmen were approved, it appeared that the town clerk prepared this location and left it in the safe belonging to the town at his house, which was his only office as clerk; that two days after this, and more than seven days before the meeting, a majority of the selectmen called at his house, in his absence, procured the paper from his wife and affixed their signatures to it; and that the clerk never saw the paper from the time he deposited it, unsigned, in the safe, until he found it there on the day of the town meeting, though he was informed by his wife that the selectmen had signed it. *Held,* that the paper was duly filed.

WRIT OF ENTRY to recover a parcel of land in West Acton. Plea, *nul disseisin,* with a specification of defence that the land was taken for a school-house in accordance with law. After the former decision, reported 117 Mass. 384, the case was tried in the Superior Court, without a jury, before *Pitman,* J., who allowed a bill of exceptions in substance as follows :

The demandant proved his title to the demanded premises, prior to the proceedings of the town, and rested. The tenant

then put in the record of certain proceedings of the town, as to the regularity and sufficiency of which no question is now made, except as is herein stated. It appeared that after the designation of a lot by the town, at a town meeting held April 1, 1872, the selectmen, after due notice to the demandant, proceeded to the demanded premises, and determined upon the proper location and metes and bounds of the lot, which was then surveyed by the town clerk. This was on Saturday afternoon. They then separated, after giving the clerk instructions to draw up their report, ready for their signatures on the next Monday. The clerk prepared the report, and left it in the safe belonging to the town at his house, which was his only office as clerk. On Monday evening, April 29, two selectmen, separately, called at his house, in his absence, and, procuring from his wife this paper, affixed their signatures to it. The other selectman never signed it, not because he did not approve it, but because he lived at a distance. The town clerk testified that he never saw the paper, so far as he could recollect, from the time he wrote it and deposited it in the safe, unsigned, until he found it there, in its present condition, on the day of the town meeting, May 7, 1872, but he was informed by his wife that the selectmen had signed it. At a town meeting held May 7, with a proper article in the warrant, the report and doings of the selectmen were accepted by the town.

The demandant contended that, as matter of law, it was not competent for the judge to find that this report and location were "filed in the office of the town clerk seven days at least" before the town meeting, at which they were accepted. But the judge ruled otherwise, and found for the tenant; and the demandant alleged exceptions.

*I. G. Reed*, for the demandant.

*G. A. Somerby*, for the tenant.

AMES, J. The only question raised by this bill of exceptions is whether the report and location were filed in the office of the town clerk in the manner required by Gen. Sts. *c.* 43, § 65. The clerk's office may be his dwelling house, and undoubtedly is so in many of the towns in the Commonwealth. A document may properly be said to be filed with a town clerk when it is placed in his official custody, and is deposited in the place where his

offi/ al records and papers are usually kept.   There is nothing in the statute requiring his constant attendance, and if the paper in this case was in his custody, ready for the signature of the selectmen, and if a majority of the board called at his house, signed the paper, and returned it to its place of deposit in the safe, more than seven days before the town meeting, it was a sufficient compliance with the statute.   It is immaterial that he was absent when they called.   His wife might lawfully act as his agent for the purpose of exhibiting the paper, and restoring it when signed to its place of deposit.   It is a convenient and proper practice to indorse a memorandum of the date upon the paper, but the statute does not make it indispensable.

*Exceptions overruled.*