(153 App. Div. 60.)

CONTRACTORS' SUPPLY CO. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. PLEADING (§ 36*)—ADMISSIONS.

Where the complaint in an action to foreclose a materialman's lien alleged that the contract for the work was duly assigned to a third person by a duly executed assignment legally recorded, plaintiff cannot claim on appeal that the assignment was invalid.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

2. MECHANICS' LIENS (§ 114*)—MATERIALMAN'S LIEN—ASSIGNMENT OF CONTRACT—EFFECT ON MATERIALMAN'S CLAIM.

If the assignment of a construction contract to one to whom plaintiff furnished materials after the assignment was not valid, plaintiff could not enforce his claim for materials furnished against the amount due on the work from the owner.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. § 114.*]

3. MUNICIPAL CORPORATIONS (§ 327*)—PUBLIC IMPROVEMENTS—ASSIGNMENT OF MONEY DUE—RECORDING WITH COUNTY CLERK—NECESSITY.

Lien Law (Consol. Laws 1909, c. 33) § 15, provides that no assignment of money due under a contract to furnish materials for improving realty shall be valid. unless the contract and assignment be filed with the county clerk, "and in case of a contract with a municipal corporation also with the comptroller or chief fiscal officer thereof. * * * Such clerk shall enter the facts relating to such assignment or order in the lien docket, or in another book provided by him for such purpose." Section 16 provides that no assignment of a contract for furnishing materials for a public improvement or of the money due therefor, nor an order drawn by the contractor upon the municipal corporation or financial officer of a corporation, shall be valid until such assignment or order be filed with the head of the department having charge of the construction and with the financial officer charged with the disbursement of the funds applicable to the contract for such public improvement, and such assignment or order shall have effect and be in force from the time of the filing. Section 15, without the quoted words, was regularly incorporated in the existing Lien Law (Laws 1897, c. 418), and was held to be applicable to public contracts, but was amended by Laws 1907, c. 360, so as to insert the quoted words. By Laws 1907, c. 692, a new section, known as section; 15a, was added, and both sections were included in the Lien Law as sections 15 and 16, by the consolidation of 1909. *Held*, that section 16 repealed pro tanto the provisions of section 15, in so far as they related to municipal contracts, and constituted the only provision as to the necessity of filing assignments of money due under contracts for public improvements, so that such an assignment need not be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

filed in the. office of the county clerk, if filed with the comptroller and the president of the borough.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 850; Dec. Dig. § 327.*]

4. MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—ASSIGNMENT OF COMPENSATION—PRIORITIES.

An assignment of the money due under a contract with a city for sewer improvements would take precedence over a subsequently filed lien.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

5. MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—LIABILITY ON BOND.

One furnishing materials to the contractor for constructing sewers for a city is not entitled to a judgment against the sureties on the bond given by an assignee of the amount due under the contract for the release of materialmen's liens, which was conditioned that the assignee should pay any judgment "recovered in an action to enforce such alleged lien"; plaintiff not having recovered any judgment against the assignee.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

Appeal from Special Term, New York County.

Action by the Contractors' Supply Company against the City of New York and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Charles E. F. McCann, of New York City, for appellant.
William S. Butler, of Brooklyn, for respondents.

SCOTT, J. This is an action to foreclose a mechanic's lien upon the moneys due for a municipal improvement. On or about September 13, 1909, the firm of Paladino & Papa made a contract with the city of New York for the construction of a sewer. Thereafter, and on April 10, 1910, the said firm assigned the contract to Joseph Paladino, who entered upon the performance of the work, and in due course completed it. Between May 21, and June 22, 1910, plaintiff sold and delivered to said Paladino certain sewer pipes and tubing, of the value of $498.22, for which he agreed to pay, but did not. On June 16, 1910, before plaintiff had fully completed its deliveries, and more than a month before plaintiff filed its lien, the said Paladino assigned to one James J. Sullivan all moneys due and to grow due to said Paladino under said contract. The plaintiff on this appeal raises no question of fraud or lack of consideration as to said assignment. Sullivan bonded plaintiff's lien, and thereupon collected from the city of New York the amount due upon said contract.

[1, 2] The appellant questions the sufficiency of both the assignment of the contract by Paladino & Papa to Joseph Paladino and the assignment by the latter to Sullivan of the moneys due and to grow due thereunder. As to the assignment of the contract to Joseph Paladino, the plaintiff is not in a position to question its validity for several reasons: First, in its complaint it alleged that the contract

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was "duly" assigned by a duly executed assignment properly recorded in accordance with law; second, if the contract was not duly assigned, the plaintiff could have no claim to the proceeds, because it dealt with Joseph Paladino *after* the assignment, and its debt was one owed by Joseph Paladino, and not by the original contractors.

The objection to the validity of the assignment of the moneys due or to grow due upon the contract to Sullivan is based upon the fact that neither the assignment nor a copy thereof was filed in the office of the county clerk, although it was found as a fact that the assignment or a copy was filed with the proper municipal officers, to wit, the comptroller and the president of the borough of Brooklyn. The question is whether it is necessary that such an assignment should also be filed in the office of the clerk of the county wherein the property improved was located. To answer this question requires the consideration of two apparently inconsistent or conflicting sections of the present Lien Law, to wit, sections 15 and 16, which read as follows:

"Sec. 15. No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or subcontractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated, *and in case of a contract with a municipal corporation, also with the comptroller or chief fiscal officer thereof,* and such contract, assignment or order shall have effect and be enforceable from the time of such filing. *Such clerk shall enter the facts relating to such assignment or order in the lien docket or in another book provided by him for such purpose.*"

"Sec. 16. No assignment of a contract for the performance of labor or the furnishing of materials' for a public improvement, or of the money, or any part thereof, due, or to become due, therefor, nor an order drawn by the contractor or subcontractor upon the municipal corporation, or the head of the department or bureau having charge of the construction of such public improvement, or the financial officer of the corporation, or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, shall be valid until such assignment or order, or a copy thereof, be filed with the head of the department or bureau having charge of such construction, and with the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, and such assignment or order shall have effect and be enforceable from the time of such filing. The financial officer of the municipal corporation, or other officer or person with whom the assignment or order, or copy thereof, is filed, shall enter the facts relating to the same in the lien book or other book provided for such purpose."

Section 15 above quoted, without the words I have italicized, was incorporated into the then existing Lien Law (chapter 418, Laws 1897), and was held by the Court of Appeals to be applicable to public contracts as well as to those between private persons. Brace v. City of Gloversville, 167 N. Y. 452, 60 N. E. 779. Subsequently, by chapter 360, Laws 1907, the section was amended by inserting the words quoted above in italics. By a later act of the same Legislature (chapter 692, Laws 1907) a new section, known as section 15a,

was added to the Lien Law.  In the consolidation of 1909 both sections were included in the Lien Law as sections 15 and 16.  The inconsistency between them lies in this: That under section 15 the assignment of a contract or of the money due or to grow due thereon must be filed in the office of the county clerk as well as with the chief fiscal officer of the corporation, whereas under section 16 it is sufficient if the assignment be filed with the head of the department or bureau having charge of the work, and with the financial officer of the corporation charged with the custody and disbursement of the corporate funds, applicable to the contract.  In the present case the assignment to Sullivan was filed as required by section 16, but was not filed with the county clerk.

[3, 4] It is evident that, upon the subject of filing assignments of contracts for municipal improvements or of the money to grow due thereon, the sections above quoted are inconsistent and repugnant.  Section 16 completely covers the whole subject of assignments of municipal contracts and the money to grow, due thereon.  Reading these two sections together in the light of their history, it must be held, under well-settled rules of statutory construction that the latter section (16) pro tanto repeals the provisions of the earlier section (15) so far as it relates to municipal contracts (Hockmann v. Pinkney, 81 N. Y. 211), and furnishes the only rule as to the necessary filing of assignments of contracts for public improvements and of the money to grow due thereon.  We are therefore of the opinion that the assignment from Paladino to Sullivan was properly and validly filed and was effectual.  That such an assignment takes precedence of a subsequently filed lien is well settled.  Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; Bates v. Salt Springs Nat. Bank, 157 N. Y. 322, 51 N. E. 1033.

[5] The plaintiff insists, however, that, even if his lien is ineffective, he is entitled to a judgment against the sureties upon the bond given by Sullivan for the release of the lien.  The bond was in the form prescribed by statute, and was conditioned that Sullivan would "well and truly pay any judgment which may be recovered in an action to enforce such alleged lien."  It was held by this court in Hawkins v. Mapes-Reeve Construction Co., 82 App. Div. 79, 81 N. Y. Supp. 799, that, although the lien was invalid, yet the plaintiff might recover a personal judgment against the contractor and his sureties.  This was affirmed by the Court of Appeals upon the ground that the lien was valid, and that court expressly declined to pass upon the right to a personal judgment, in such a case, against the sureties (178 N. Y. 236, 70 N. E. 783), and later in Milliken Bros. v. City of New York, 201 N. Y. 65, 94 N. E. 196, Ann. Cas. 1912A, 905, the said court again declined to pass upon the question.  The Hawkins Case, however, is not applicable to the facts here present.  There the bond was given by the contractor who owed the debt.  Here it is given, not for the contractor, against whom plaintiff has recovered a personal judgment, but for Sullivan, who never owed plaintiff anything, and against whom no personal judgment can be rendered.  The sureties' responsibility is limited by the

terms of their undertaking, which was to the effect that Sullivan would pay any judgment, meaning clearly any judgment against him.

The judgment appealed from must be affirmed, with costs to respondent. All concur.