CHARLES D. ARMSTRONG and LOUIS J. FLEISCHMAN, Respondents, *v.* STATE BANK OF MAYVILLE and Others, Respondents, Impleaded with BUFFALO CAREY COMPANY and Others, Appellants.

Fourth Department, March 21, 1917.

Mechanics' liens — assignment to bank as security for loan of moneys due under contract for public improvement — filing of assignment — Lien Law construed — common-law right of bank under assignment — lien for labor and materials.

Where a bank takes an assignment of moneys due upon a contract with the State for the construction of an improved highway, to reimburse it for moneys loaned to the contractors for use in meeting their payrolls and for other expenditures made by them in the performance of their contract, a copy thereof should be filed with the State Superintendent of Highways, and also with the State Comptroller, under the provisions of section 12 of the Lien Law, and this having been done, the filing of a copy with the State Treasurer is not required.

Sections 15 and 16 of the Lien Law, being in express terms confined to " a contract with a municipal corporation," are not applicable to this case.

The bank had the common-law right to take and hold under its assignment all the moneys due·and unpaid on the contract, to the extent of the full amount loaned to the contractors, although after such moneys became due notices of lien for labor and materials were filed under the Lien Law.

The State Comptroller is the officer designated in section 16 of the Lien Law with whom such an assignment or a copy thereof may be filed.

The statutory relations between the State Comptroller and the State Treasurer being so close, *it seems* that notice to one would be notice to the other.

MERRELL, J., dissented, with memorandum.

APPEAL by the defendants, Buffalo Carey Company and others, from so much of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Chautauqua on the 17th day of March, 1916, as decrees that the defendant State Bank of Mayville recover the sum of $5,000 and interest herein; that after the payment of the plaintiffs' claim there shall next be paid said sum of $5,000 and interest to the defendant State Bank of Mayville, and that such bank is entitled to priority of payment over the appellants.

The judgment was entered upon the decision of the court after a trial at the Erie Special Term.

*Edward C. Schlenker* and *James L. Weeks* of counsel, for the appellants.

*Arthur B. Ottoway* and *Wilson C. Price*, for the respondent State Bank of Mayville.

DE ANGELIS, J.:

The action was brought to foreclose a mechanic's lien upon State funds applicable to the payment of the contract price of a public improvement. The improvement was the construction of an improved highway known as the Chautauqua Lake, Part 5, County Highway, No. 1169. The defendants Claude H. Witt and Archie L. Blades, composing the copartnership of Witt & Blades, and the People of the State of New York, through the agency of the State Commissioner of Highways, entered into a contract whereby the former undertook to perform the work and furnish the materials for such improvement for the sum of $14,307.94.

The plaintiffs claimed the first lien on the funds. The People of the State of New York, the State Commissioner of Highways, the State Comptroller and the State Treasurer were made parties defendant and appeared by the Attorney-General, substantially submitted their rights to the court and are making no contest here. The State Bank of Mayville was made a party defendant and interposed an answer claiming the funds under an assignment to it of the moneys due upon the contract to reimburse it for moneys loaned by it to the contractors for use in meeting their payrolls and for other expenditures made by them in the performance of their contract. The appealing defendants appeared and interposed answers setting forth the filing of their notices of lien under the Lien Law and claiming that by virtue of their liens they were entitled to payment from the funds prior to payment to the bank upon various grounds.

It appeared upon the trial that the plaintiffs filed the first notice of lien on the funds, that copies of the assignment to the bank were filed next in order, one with the State Commissioner of Highways and the other with the State Comptroller,

and that the notices of lien filed by the appealing defendants were filed subsequently to such filing by the bank of the copies of its assignment. It also appeared that the moneys loaned by the bank to the contractors were used by them to pay for labor performed and materials furnished in their performance of the contract.

The trial court has held that the plaintiffs were entitled to be paid first and that the bank was to be paid next from the funds, and it appears that such payments will exhaust the funds.

Upon the argument it was conceded that the bank was right in filing a copy of the assignment with the State Superintendent of Highways and that the sole question for our determination was whether or not the filing of the copy of the assignment with the State Comptroller complied with the provisions of the Lien Law. The claim of the appellants is that the copy should have been filed with the State Treasurer. In order to determine this controversy we are called upon to construe the pertinent provisions of the Lien Law.

We have reached the conclusion that, if the bank was required to file the assignment or copies thereof at all, such filing could only have been made pursuant to section 16 of the Lien Law for reasons which we are about to state. Section 16 of the then existing Lien Law (Consol. Laws, chap. 33 [Laws of 1909, chap. 38], as added by Laws of 1911, chap. 873)* is as follows:

"Assignment of contracts and orders for public improvement to be filed. No assignment of a contract for the performance of labor or the furnishing of materials for a public improvement, or of the money, or any part thereof, due, or to become due, therefor, nor an order drawn by the contractor or subcontractor upon the municipal corporation, or the head of the department or bureau having charge of the construction of such public improvement, or the financial officer of the municipal corporation, or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, shall be valid until such assignment or order, or a copy thereof, be filed with the head of the department or bureau having charge of such con-

---

* Since amd. by Laws of 1916, chap. 507.— [REP.

struction, and with the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, and such assignment or order shall have effect and be enforceable from the time of such filing. The financial officer of the municipal corporation, or other officer or person with whom the assignment or order, or copy thereof, is filed, shall enter the facts relating to the same in the lien book or other book provided for such purpose."

Note the language "such assignment * * *, or a copy thereof, be filed with the head of the department or bureau having charge of such construction, and with the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement," etc. The State of New York is not a municipal corporation, nor were the funds, strictly speaking, "corporate funds," so that there is some inaccuracy in the use of the language quoted if this section of the Lien Law furnished the bank with the method of making its assignment valid. But it is argued that the language "or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement" points to the State Treasurer and determines him to be the officer with whom the assignment or a copy thereof should have been filed. The trouble with that argument is that if adopted there would still be the inaccuracy of the description of the funds as "corporate funds" and the further inaccuracy involved in the necessary inference that the language "other officer or person charged with the custody and disbursement of the corporate funds" postulates an officer or person discharging duties of a municipal corporation, so that, it seems to us, we must look further and in a different direction for the proper solution of the difficulty. Section 12 of the Lien Law (as added by Laws of 1911, chap. 873)* provides that notices of lien in a case like this must be filed "with the head of the department or bureau having charge of such construction and with the Comptroller of the State or with the financial officer of the municipal corporation,

* Since amd. by Laws of 1916, chap. 507. — [REP.

or other officer or person charged with the custody and disburse-
ments of the State or corporate funds applicable to the contract
under which the claim is made." This section seems to be
fairly well drawn and the practice has been to file such notices
with the State Comptroller and not with the State Treasurer.
It will be observed that this section distinguishes between
" State " and " corporate funds." In this section also the idea
that the sovereign State of New York is a municipal corpora-
tion finds no support. In section 5 of the Lien Law (as added
by Laws of 1911, chap. 873)* the provision authorizing liens for
labor and materials, such as those of the appealing defendants,
we find the same distinction between moneys of the State and
moneys of a municipal corporation. Section 15 of the Lien
Law* has no application to a case of this kind for it is in express
terms confined to " a contract with a municipal corporation."
There is authority for the proposition that section 15 has no
application to the situation developed in this case upon other
grounds. (*Contractors' Supply Company* v. *City of New
York,* 153 App. Div. 60; *Matter of Interstate Paving Co.,* 197
Fed. Rep. 371.) Section 16, as already appears, has no appli-
cation to a case of this kind because by its terms it is confined
to work done under a contract with a municipal corporation.
So that the bank in this case had the common-law right to
take and hold under its assignment in any event all the moneys
due and unpaid on the contract to the extent of the full amount
of the moneys loaned by the bank to the contractors, although
after such moneys became due notices of lien for labor and
materials under the Lien Law were filed.

Assuming, however, the most favorable view to the appel-
lants, to wit, that the use of the term " municipal corpora-
tion " in section 16 of the Lien Law was regarded by the law-
makers as including the State, as seems to have been held in
*General Fireproofing Co.* v. *Keepsdry Const. Co.* (173 App.
Div. 528), we think that it was proper to file the copy of the
assignment with the State Comptroller or the State Treasurer,
although the latter filing would have been inconvenient.
There is nothing in the Constitution which affects the question.
Section 3 of the State Finance Law (Consol. Laws, chap. 56;

---

* Since amd by Laws of 1916, chap. 507.— [REP.

Laws of 1909, chap. 58) defines the general duties of the State Treasurer and section 4 describes some of the duties of the State Comptroller. In section 4 these duties of the Comptroller are enumerated in subdivisions. Subdivision 1 provides that he shall "superintend the fiscal concerns of the State." "Financial" is a synonym of "fiscal." This language is equivalent to making the Comptroller the "financial officer" of the State. Referring to section 16 of the Lien Law and assuming that the term "municipal corporation" was intended by our lawmakers to include the sovereign State of New York, we think the State Comptroller is an officer designated in that section with whom such an assignment or a copy thereof might be filed. We need not quote the different subdivisions of section 4 of the State Finance Law (as amd.) nor refer to the many other provisions in our statutes clothing him with authority and enjoining upon him duties in the financial affairs of the State, to show how strongly the foundation rests in our statutory law for the claim that the Comptroller is the chief financial officer of the State. He audits practically all claims to be satisfied from the State Treasury, and the State Treasurer pays such claims upon warrants issued by the Comptroller. The statutory relations between these two officers are so close as to make them substantially twins in the guardianship and disbursement of the moneys of the State. It may well be held that notice to one would be notice to the other. Certainly notice to the Comptroller would be sufficient.

We do not think that we need to discuss the other points made by the appellants in their brief in view of the position taken by their counsel upon the argument and because we regard them without merit.

We think that that portion of the judgment appealed from was right, and that the same should be affirmed.

All concurred, except MERRELL, J., who dissented in a memorandum.

MERRELL, J. (dissenting):

In filing its assignment with the State Comptroller instead of the State Treasurer I think the defendant bank neglected to comply with the provisions of the Lien Law applicable thereto.

Section 16 of the Lien Law (Consol. Laws, chap. 33 [Laws of 1909, chap. 38], as added by Laws of 1911, chap. 873)* contains the only statutory provision relating to the filing of such an instrument, and provides that no such assignment shall be valid until the same or a copy thereof shall be filed "with the financial officer of the municipal corporation or other officer or person *charged with the custody and disbursement of the corporate funds applicable,*" etc. While strictly the State may not be a "municipal corporation," nor the funds applicable to the payment of the public improvement be strictly "corporate funds," still I think the Legislature in using such terms in a case where the State is the party obligated to pay and the State funds are sought to be reached through the lien, must be held to have intended to embrace within the terms quoted funds of the State applicable to the contract under which the claim is made. Such seems to have been the construction placed upon the statute in *General Fireproofing Co.* v. *Keepsdry Const. Co.* (173 App. Div. 528). Unless the statute be construed to embrace contracts with the State and to apply to State funds, I am unable to discover any provision of statute requiring the filing of the assignment at all. I cannot believe that the Legislature intended to relieve an assignee from the manifestly reasonable duty of filing the instrument under which he claims to share in the funds applicable.

The requirement of the statute that the assignment shall not be valid until filed "with the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement," clearly refers to the State Treasurer and not to the State Comptroller. The essential requirement of the statute is the filing with the "officer or person charged with the custody and disbursement of the corporate funds applicable." I think but one place of filing was contemplated by the Legislature when it provided for the filing of the assignments with the "financial officer" or "*other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement,*" and that was with the officer "*charged with the*

* Since amd. by Laws of 1916, chap. 507.— [REP.

*custody and disbursement of the corporate funds applicable,"* etc. The State Comptroller is not such officer. He does not by law have the custody of the State funds, and while the State Finance Law (§ 4) charges him with the duty of the superintendence of the fiscal concerns of the State and with the examination, auditing and liquidation of claims against the State if payment thereof out of the treasury is provided for by law, and while payments are made upon his warrant upon the State Treasurer, the actual disbursing officer is the State Treasurer and not the Comptroller. Section 3 of the State Finance Law (Consol. Laws, chap. 56; Laws of 1909, chap. 58) provides: "The Treasurer shall receive all moneys paid into the Treasury of the State, pay all warrants drawn by the Comptroller on the Treasury * * *." Under those well-defined duties of the State Treasurer, can it be doubted that that officer alone is the officer or person referred to by section 16 of the Lien Law as "charged with the custody and disbursement of the corporate funds applicable?" I think not. The defendant bank failed to file its assignment with the State Treasurer and its claim should be held to be subordinate to the lien of the appellants.

Judgment affirmed, with costs.