THE GENERAL FIREPROOFING COMPANY, Respondent, *v.* THE KEEPSDRY CONSTRUCTION COMPANY et al., Defendants, NEW YORK STATE NATIONAL BANK, Appellant, and THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Lien Law — contract for furnishing and equipping locker rooms in state capitol — assignment of such contract to bank as security for loan — state architect proper officer with whom to file assignment — trustees of public buildings must consent to such assignment — if such consent be not obtained before assignment is filed, the assignment cannot be enforced as against a subsequent mechanic's lien against contractor — appeal — question of irregularity of plaintiff's lien not having been considered by Appellate Division, such question cannot be reviewed in Court of Appeals.

1. A construction company made a contract with the trustees of public buildings of the state for furnishing and equipping locker and document rooms and for repairs, furnishing and equipping of the assembly chamber in the capitol at Albany. The plaintiff subsequently made an agreement with this company to furnish some of the material and perform some of the work under the first mentioned contract. Later, the construction company assigned to the defendant bank the money due and to become due on the contract as security for loans and advances of money to be used in the performance of its contract, which assignment was filed in the state comptroller's office. Thereafter the plaintiff's notice of lien was filed in the office of the state comptroller and the department of the state architect. *Held*, that section 16 of the Lien Law (Cons. Laws, ch. 33) which requires the filing of the assignment of such a contract with the head of the department or bureau having charge of such construction in order that it may have any validity includes an improvement on the real property of the state. *Held, further*, that the state architect is the head of the department having charge of the construction to which the assignment to the defendant bank relates and consequently he is the officer with whom the assignment should have been filed under this section, and that section 19-d of the Public Buildings Law has no application in this case.

2. The Appellate Division found that prior to the delivery of the assignment to the defendant bank, an officer of the construction company took the same to the state architect's office, and the assistant secretary in the architect's office procured the consent of the trustees of public buildings to the assignment and then returned it to the officer of the construction company. *Held*, that the assignment was not filed in the architect's office.

3. The defendant bank cannot raise the question that the plaintiff's notice of lien was irregular and invalid. The plaintiff did not appeal from that part of the judgment which held the notice valid and regular. The defendant bank did not appeal from the Special Term judgment at all. The Appellate Division not having considered the question it is not open to review in this court.

*General Fireproofing Co.* v. *Keepsdry Const. Co.*, 173 App. Div. 528, affirmed.

(Argued December 5, 1918; decided January 7, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 14, 1916, modifying and affirming as modified a judgment in favor of defendant, appellant, entered upon a decision of the court on trial at Special Term.

The action was brought to foreclose a mechanic's lien.

On November 15, 1914, the Keepsdry Construction Company made a contract with the trustees of public buildings of the state of New York for furnishing and equipping locker and document rooms and for repairs, furnishing and equipping of the assembly chamber in the capitol at Albany. The plaintiff subsequently in November made an agreement with the Keepsdry Construction Company to furnish some of the material and perform some of the work under the first mentioned contract.

On December 31, 1914, the Keepsdry Construction Company assigned to the defendant, the New York State National Bank, the money due and to become

due on the contract with the trustees of public buildings as security for loans and advances of money to be used in the performance of its contract, which assignment was filed in the state comptroller's office January 6, 1915.

In February following, the plaintiff filed its notice of lien against the money of the state accruing under the contract with the Keepsdry Construction Company. The plaintiff's notice of lien was filed in the office of the state comptroller and the department of the state architect in February, 1915.

Other notices of lien were filed against the same money but it is not necessary to consider them now. The controversy here is between the plaintiff, the General Fireproofing Company, with its notice of lien, and the defendant, the New York State National Bank, with its assignment. The position of the plaintiff is that the assignment was invalid because of the failure to file the same in the department of the state architect as required by section 16 of the Lien Law.

At the Special Term the court found in favor of the defendant, the bank, and postponed the plaintiff's lien to the defendant's assignment. The plaintiff appealed from so much of the judgment of the Special Term as thus postponed its lien and the Appellate Division modified the judgment in the respect appealed from and gave the plaintiff's lien preference over the bank's assignment. The defendant, the bank, appeals to this court.

*James F. Tracey* for appellant. Section 16 of the Lien Law does not apply to the improvement in question for the reason that it concerns personal and not real property. (*Gates & Co.* v. *Stevens Const. Co.,* 220 N. Y. 38.) Section 16 of the Lien Law has no application to public improvements upon state property but concerns only municipal property and municipal corporate moneys. (*Armstrong* v. *State Bank,* 177 App. Div. 265; *People* v.

*Rossiter*, 4 Cow. 143; *People* v. *Herkimer*, 4 Cow. 345; *Matter of Columbian Institute Co.*, 3 Abb. Ct. App. Dec. 239; *Matter of Utica*, 73 Hun, 256; *Denton* v. *State*, 72 App. Div. 248; *People* v. *Gilbert*, 18 Johns. 227.) If section 16 of the Lien Law be held to apply to improvements on state property, then the assignment to the bank was properly filed in the offices of the comptroller and of the trustees of public buildings. (*Armstrong* v. *State Bank*, 177 App. Div. 265; *Riverside Const. Co.* v. *State*, 218 N. Y. 597.) If the head of the department having charge of the construction of the public improvement in this instance is to be considered the state architect, then the assignment of contract was sufficiently filed in his office. (*American Radiator Co.* v. *City of N. Y.*, 223 N. Y. 193; *Hawkins* v. *Mapes-Reeve Const. Co.*, 178 N. Y. 236; *Smith* v. *City of New York*, 32 Misc. Rep. 380; *Manton* v. *Brooklyn, etc., Co.*, 217 N. Y. 284; *N. Y. C. Nat. Bank* v. *Wood*, 169 App. Div. 817.)

*Frederick Hulse* for respondent. The assignment to the bank is invalid as against mechanics' lienors. (Cons. Laws, ch. 33, § 16; *Bates* v. *S. S. Nat. Bank*, 157 N. Y. 322; *Kane Co.* v. *Kinney*, 174 N. Y. 69; *Brace* v. *City of Gloversville*, 167 N. Y. 452; *Hill* v. *American Surety Co.*, 200 U. S. 197.) The defendant bank cannot attack the validity of the plaintiff's lien. (*Kelsey* v. *Western*, 2 N. Y. 500; *Robertson* v. *Bullions*, 11 N. Y. 242; *Matter of Davis*, 149 N. Y. 539; *Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542; *Levy* v. *Schreyer*, 177 N. Y. 293.)

CUDDEBACK, J. The defendant, New York State National Bank, contends that section 16 of the Lien Law (Cons. Laws, ch. 33), has no application to public improvements upon state property, but concerns only municipal property and municipal corporate money.

Section 16 of the Lien Law reads as follows:

"§ 16. No assignment of a contract for the performance of labor or the furnishing of materials for a public improvement, or of the money, or any part thereof, due, or to become due, therefor, nor an order drawn by the contractor or sub-contractor upon the municipal corporation, or the head of the department or bureau having charge of the construction of such public improvement, or the financial officer of the municipal corporation, or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, shall be valid until such assignment or order, or a copy thereof, be filed within ten days after the date of such assignment of contract, or such assignment of money, or such order, with the head of the department or bureau having charge of such construction, and with the financial officer of the municipal corporation, or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement, and such assignment or order shall have effect and be enforceable from the time of such filing, and no such assignment or order shall have any validity until the same shall have been so filed. The financial officer of the municipal corporation, or other officer or person with whom the assignment, order, or copy thereof, is filed, shall enter the facts relating to the same in the lien book or other book provided for such purpose."

It will be observed that this section makes special mention of a contract with a "municipal corporation" and designates the money to which the assignment relates as "corporate funds." The Appellate Division of the fourth department, upon the strength of these words in the statute, has held that the section has no application to a contract with the state but is limited to contracts with a municipal corporation. (*Armstrong* v. *State*

*Bank of Mayville*, 177 App. Div. 265.) The counsel for the bank relies upon this decision to support his argument.

I think the interpretation of section 16 of the Lien Law made by the Appellate Division in the case cited is too narrow and unduly restricts its application. The words " municipal corporation " and " financial officer of the municipal corporation " in the section are always followed by the words " or head of the department or bureau having charge of such public improvement " or " other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract " or words of similar import.

If it was intended that the section should apply only to municipal corporations, the use of these alternative expressions would be entirely inexplicable. The term " municipal corporation " includes a county, town, school district, village and city or any territorial division of the state established by law, with powers of local government. (Gen. Corp. Law [Cons. Laws, ch. 23], § 3.) If the alternative provisions in section 16 do not apply to the state, it is difficult to see how they have any force at all.

The opening words of section 16 are general and have reference to the assignment of all contracts for public improvements or the money due thereon, and section 2 of the Lien Law defines the term " public improvement " to mean an improvement on any real estate belonging to the state or a municipal corporation.

The language of section 16 is, therefore, easy of interpretation, and taken in its ordinary sense and meaning, includes an improvement on the real property of the state.

The word " corporate " used to define the money assigned, as mentioned in section 16, to which the defendant attaches some importance, is certainly not an apt

186  Gen. Fireproofing Co. v. Keepsdry Const. Co.

[225 N. Y.]        Opinion, per Cuddeback, J.        [Jan.,

word to define state funds. Still it is not entirely inaccurate. State money is certainly not individual money, and in a broad sense is correctly spoken of as corporate funds. But if it were otherwise, a misuse of the word " corporate " should not defeat the plain purpose of the section as we find it to be.

Section 16 of the Lien Law has long been regarded as regulating assignments of money due from the state for a public improvement, and if we now hold that it does not apply, it will be to overturn a well-settled practical construction of the law, and that conclusion we should avoid if another end is just as apparent.

The defendant bank also contends that the office of the trustees of public buildings was the proper place in which to file the assignment under section 16 of the Lien Law, and that the department of the state architect was not the proper place of filing.

Section 16 says the assignment shall " be filed with the head of the department or bureau having charge of such construction." Under the Public Buildings Law (Cons. Laws. ch. 44), as amended by chapter 111 of the Laws of 1914, the state architect is made the head of the department of architecture. The statute then further provides that the state architect shall prepare the drawings and specifications for and shall supervise the construction of all new buildings erected at the expense of the state, except as otherwise provided, and shall also prepare drawings and specifications for the alteration and improvement of existing buildings, and shall see that the materials furnished and the work performed in constructing, altering or improving any such buildings are in accordance with the drawings and specifications, and that the interests of the state are fully protected. This statute does not leave much room for dispute that the state architect is the head of the department having charge of the construction to which the assignment of the defend-

ant bank relates and consequently the state architect is the officer with whom the assignment should have been filed under section 16 of the Lien Law.

Counsel for the appellant, the bank, refers to section 19-d of the Public Buildings Law which provides that the article which contains the foregoing provision relating to the state architect shall not apply to contracts for plans, drawings, specifications and superintendence for the construction, erection, alteration or improvement of state buildings in Albany under the jurisdiction of the trustees of public buildings. Counsel argues therefrom that the article does not apply to the improvement here under consideration. But the article of the Public Buildings Law which contains section 19-d provides for obtaining the services of architects to prepare plans and specifications for public buildings and to superintend the construction thereof in competition, and section 19-d merely provides that contracts for architectural services so obtained shall not apply to the state buildings in Albany. We are not dealing here with any contract for plans and specifications or for superintendence. Section 19-d, therefore, has no application in this case.

The trustees of public buildings with whom the defendant bank says the assignment should have been filed, are the governor, president of the senate and speaker of the assembly (Public Bldgs. Law, § 2), and the finding of the court is that the trustees of public buildings keep no files or dockets for liens and have no office of their own as trustees. Therefore, it evidently was not intended that the assignment should be filed with them.

In the next place the defendant bank argues that its assignment was filed in the office of the state architect. It is necessary to a valid assignment that the trustees of public buildings should consent thereto. (State Finance Law [Cons. Laws, ch. 56], § 43.) It appears, as the

Appellate Division found, that prior to the delivery of the assignment to the defendant bank, an officer of the Keepsdry Construction Company took the same to the state architect's office and the assistant secretary in the architect's office procured the consent of the trustees of public buildings to the assignment and then returned it to the officer of the Keepsdry Construction Company.

The evidence upon this point abundantly supports the finding of the Appellate Division. The facts being as the Appellate Division found, the assignment had no inception until it was subsequently delivered to the bank, and it was, therefore, not in force when in the hands of the assistant secretary in the architect's office. The further finding of the Appellate Division that the assignment was not filed in the state architect's office has, therefore, support in the evidence and is conclusive in this court.

Again, the argument of the defendant bank is that the plaintiff's notice of lien was irregular and invalid because it relates to personal and not real property for which the law gives no lien, because it relates to materials or labor to be furnished in the future, for which the law gives no lien as to public improvements, and because the lien was not continued by an order of the court as required by section 18 of the Lien Law.

But the defendant bank cannot raise these questions here. The judgment of the Special Term was that the plaintiff by its notice had acquired a valid lien upon the moneys due upon the contract between the Keepsdry Construction Company and the state of New York. The plaintiff did not appeal from that part of the judgment but only from the part thereof which postponed its lien to the bank's assignment. The defendant bank did not appeal from the Special Term judgment at all. The Appellate Division reversed the judgment of the Special Term only so far as it was appealed from, and as its

opinion shows, did not consider the respondent's attacks on the validity of the plaintiff's notice of lien. The jurisdiction of this court is limited to a review of actual determinations of the Appellate Division. (Code Civ. Pro. § 190.) The Appellate Division not having considered the question raised, which involves that part of the judgment of the trial court upholding the regularity and validity of the plaintiff's notice of lien, the question is not open to review in this court. (*Kelsey* v. *Western*, 2 N. Y. 500.)

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, MCLAUGHLIN and CRANE, JJ., concur.

Judgment affirmed.