Albany Builders' Supply Company, Appellant, *v.* Eastern Bridge and Structural Company et al., Respondents, William L. O'Brien et al., Appellants, and National Commercial Bank and Trust Company of Albany, Appellant and Respondent, Impleaded with Others.

**Liens — mechanic's lien — filing assignment of contract for construction of public improvement and mechanic's lien for materials and labor furnished — city of Rensselaer — common council, the department or bureau having charge of construction and repair of public school buildings — assignment of builder's contract or mechanic's liens should be filed with city treasurer and with president of common council or city clerk.**

1. Under the Lien Law (Cons. Laws, ch. 33) an assignment of a contract for the construction of a public improvement or of the money due or to become due thereunder is invalid unless the assignment or a copy is filed within ten days " with the head of the depart-

ment or bureau having charge of such construction " and with " the financial officer " of the city or other municipal corporation. Under the charter of the city of Rensselaer " the financial officer " of the city is the treasurer; the department or bureau having charge of the construction or repairing of public school buildings is the common council and the head of such department is the president of the council. In this respect the common council is an administrative agency. Where a contractor borrowed a sum of money from a bank for the purpose of erecting a schoolhouse in the city of Rensselaer and delivered to the bank assignments of the money due or to grow due under his contract with the city and the bank filed such assignment with " the financial officer " of the city, *i. e.*, the city treasurer, but failed to file it with the president of the common council, the head of the department having charge of the construction, or with the city clerk, it must be held that such assignment is subordinate to later valid liens.

2. Where a notice of mechanic's lien for materials furnished to such contractor was filed with the city treasurer of Rensselaer and also with the city clerk such lien is valid although not filed with the president of the common council personally. The city clerk is the representative of the common council and the custodian of its records and hence the proper officer with which to file such notice. The requirement of the Lien Law that the notice be filed with the head of the department does not mean that the head of the department must acquire possession of the notice by manual tradition.

*Albany Builders Supply Company* v. *Eastern Bridge & Structural Company*, 202 App. Div. 61, modified.

(Argued March 7, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 20, 1922, unanimously affirming a judgment entered upon a decision of the court on trial at Special Term in an action to foreclose a mechanic's lien.

*A. M. Sperry* and *W. E. Fitzsimmons* for plaintiff, appellant. The decision that plaintiff's lien, and other liens filed in the same manner, were invalid presents an error of law. (*Dwelle-Kaiser Co.* v. *County of Niagara*, 103 Misc. Rep. 460; *Murphy* v. *City of Buffalo*, 39 Hun, 49; *Bell* v. *Mayor, etc.*, 105 N. Y. 139.)

28

*James V. Coffey* for defendants, appellants.

*P. C. Dugan* for National Commercial Bank and Trust Company, defendant, appellant and respondent. The common council had charge of the construction of the schoolhouse; therefore, the filing of the assignments with the city treasurer was all the law required for the common council is not a "department" or "bureau" contemplated by the Lien Law. (Cons. Laws, ch. 33, § 16; L. 1915, ch. 69; 2 McQuillan on Mun. Corp. 963, 971, 981, 982, 986, 987, §§ 432, 434, 439, 442; *People ex rel. v. Bd. of Fire Comrs.*, 86 N. Y. 149; *Comcl. Wharf Corp. v. Boston*, 208 Mass. 485; *Fifth Ave. Branch v. Colgate*, 120 N. Y. 394; *Missano v. Mayor, etc.*, 160 N. Y. 123; *Soper v. Town of Greenwich*, 48 App. Div. 355.) The other appellants did not file their respective notices of lien with the president of the common council and, therefore, whether the common council is a department or not they can have no preference over the bank. (*Edison El. Ill. Co. v. Frick Co.*, 221 N. Y. 1.) The judgment unanimously affirmed will not in any event be disturbed as to the parties not appealing to this court, and the appeal of O'Brien & Simpson, which is without leave, should be dismissed. (*People ex rel. Curtis v. Kidney*, 225 N. Y. 299; Civ. Prac. Act, § 604; *Pangburn v. Buick Co.*, 211 N. Y. 236.)

*William C. Gordon* for Eastern Bridge and Structural Company, respondent. The alleged assignment from Hamill Company to the bank dated November 16, 1916, of all moneys due under the contract, not having been filed with the head of the department or bureau having charge of the construction as required by section 16 of the Lien Law never had any validity as against lienors, and the court below properly so held. (L. 1915, ch. 69, § 286, subds. 4, 6; *Steers, etc., Co. v. Long Beach*, 184 App. Div. 957; *General F. P. Co. v. Keepsdry Cons.*

*Co.,* 225 N. Y. 180; 173 App. Div. 528; *Wood* v. *Galway Co.,* 186 App. Div. 134, 136; *Ludlow Valve Mfg. Co.* v. *Village of Middleport,* 105 Misc. Rep. 328.) The common council of the city of Rensselaer is a " department or bureau " within the meaning of section 16 of the Lien Law. (*Bell* v. *Mayor,* 105 N. Y. 139; *Hawkins* v. *Mapes,* 178 N. Y. 236; *Hall* v. *Board of Trustees,* 35 App. Div. 141; *Steers, etc., Co.* v. *Long Beach,* 184 App. Div. 957; *General F. P. Co.* v. *Keepsdry Cons. Co.,* 225 N. Y. 180; *Wood* v. *Galway Co.,* 186 App. Div. 134.)

*John A. Stephens* for John Kurtz, Jr., & Wend, respondent. The assignment to the National Commercial Bank and Trust Company of Albany of the money due under the contract was not good as against lienors, because it was never filed as required by law. (Cons. Laws, ch. 33, § 16; *General F. P. Co.* v. *Keepsdry Cons. Co.,* 173 App. Div. 528.) The common council of the city of Rensselaer is a " department or bureau " within the meaning of section 16 of the Lien Law, and the failure to file said assignment with the president thereof rendered it invalid. (*Bell* v. *Mayor, etc.,* 105 N. Y. 139; *People ex rel. Hall* v. *Trustees,* 35 App. Div. 141.)

*Neile F. Towner* for E. W. Hyde, Jr., respondent.

CARDOZO, J. One Hamil, a builder, made a contract with the city of Rensselaer in September, 1916, for the erection of a school house. He borrowed upwards of $31,000 from the National Commercial Bank and Trust Company of Albany, and delivered to the lender assignments of the money due or to grow due under his contract with the city. Notices of lien were afterwards filed for material and labor. The question is one of the relative priorities of bank and lienors. The bank filed its assignment with the city treasurer, but with no other officer of the city government. Some materialmen filed notices of lien with the city treasurer, and also with the city

clerk and the president of the common council. The plaintiff and other materialmen filed notices of lien with the city treasurer and the city clerk. The trial judge held that the assignment was ineffective against valid liens of later date because of the failure to file either the original or a copy with any city officer other than the treasurer. He held, however, that the only valid liens were those filed both with the treasurer and with the president of the common council. As against invalid liens the assignment was effective. The bank and the excluded lienors appealed to the Appellate Division. That court unanimously affirmed. The bank and the plaintiff are appellants by permission here.

1. We concur with the courts below in their conclusion that the assignment is subordinate to later valid liens. The contract was one for a public improvement. Section 16 of the Lien Law (Consol. Laws, ch. 33) is to the effect that an assignment of such a contract or of money due or to become due thereunder is invalid unless the assignment or a copy is filed within ten days " with the head of the department or bureau having charge of such construction," and with the financial officer of the city or other municipal corporation. This assignment was filed with " the financial officer " of the city, *i. e.,* the treasurer. It was not filed, however, with " the head of the department or bureau having charge of such construction." In the city of Rensselaer that department is the common council, and the head of the department is the president of the council. " The construction, repairing and remodeling of school buildings * * * and the award of contracts therefor shall be by, under and through the common council of the city " (Charter of the city of Rensselaer, L. 1915, ch. 69, § 286, subd. 6). In respect of such matters, the common council of Rensselaer is not a legislative body. It is an administrative agency. Either this agency is the department in charge of the construction of the school house, or no department is in charge of it. But the statute (Lien

Law, § 16) was framed on the assumption that some authority is in charge of every public improvement, municipal or state.  To identify that authority is to identify the department or bureau to which assignees and lienors are required to repair.  We are not dealing with terms of art, invested by long usage with a precise and unchanging connotation.  We are dealing with a description which identifies the organ by characterizing the function.  Courts have construed the statute broadly in promotion of its purpose.  Under a contract to equip the Capitol and repair it, the state architect has been held to be the head of the " department " having " charge of the construction " (*General Fireproofing Co.* v. *Keepsdry Construction Co.*, 225 N. Y. 180).  The trustees of public schools have been held for like purposes to constitute a department or bureau of a city (*Bell* v. *Mayor, etc.*, 105 N. Y. 139).  These rulings, if they do not solve the problem now before us, define the method of approach.  We think the assignment was not filed in accordance with the statute.

2. The validity of plaintiff's lien remains to be considered.

Notice of this lien was filed with the city treasurer (Lien Law, § 12).  It was filed also with the city clerk.  Its invalidity has been adjudged upon the ground that it ought to have been filed with the president of the council.

Under the charter of the city of Rensselaer, the city clerk is the clerk of the council, and the custodian of its records (L. 1915, ch. 69, § 47).  A notice filed with him is filed with the common council and with all the members thereof including the head.  " To file " is not to be construed as synonymous with " to serve."  One does not file a paper by handing it to another who is walking on the street.  " A document may be said to be filed with an officer when it is placed in his official custody, and deposited in the place where his official records and papers are usually kept " (*Reed* v. *Inhabitants*

*of Acton*, 120 Mass. 130, 131). If the president of the council were to receive a notice of lien, his duty would be to deliver it to the city clerk, who would enter it in the " lien book." With the clerk it would remain. The requirement that the notice be filed with the head of the department does not mean that the head of the department must acquire possession of the notice by manual tradition. It means that the notice must reach the chief of the department through his designated custodians. The argument from inconvenience, though not controlling, is important. The president of the council may be absent from his official chambers, and hard to reach. The clerk is readily accessible. The president of the council has no duties in respect of such a contract distinct from his duties as a member of the board. The clerk is the representative not merely of one member, but of all. Common practice and analogy point to the same conclusion. Documents are filed with county clerks and registers and many other public officers when they are delivered in a public office to the custodian of records. Delivery of a notice of lien to the clerk of a board of school trustees has already been held to be delivery to the board itself (*Bell* v. *Mayor, etc., supra*). The statute itself prescribes a liberal construction. Substantial compliance is sufficient (Lien Law, § 23). We think the lien must be upheld.

The judgment of the Appellate Division and that of the Special Term should be modified by adjudging the validity of the plaintiff's lien for $771.66, with interest from May 2, 1918, and directing its payment out of the fund to be distributed, and as so modified the said judgments should be affirmed, with costs in this court to the defendants, respondents, filing briefs, and with costs in the Appellate Division and in this court to the plaintiff, appellant, such costs in each instance to be payable out of the said fund.

The appeal of the defendants O'Brien and Simpson

was taken without permission, and should, therefore, be dismissed, without costs.

POUND, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., dissents from modification; HOGAN and McLAUGHLIN, JJ., not sitting.

Judgment accordingly.