THE FIREPROOF PRODUCTS CO., INC., Plaintiff, *v*. COUNTY OF NASSAU and Others, Defendants.

Supreme Court, Nassau County, November 19, 1930.

*Remsen S. Ostrander*, for the plaintiff.

*Sprague, Morris & Fluckiger*, for the Atlantic Cement Products Company.

BYRNE, J. This is an application by the plaintiff for an order " dismissing answers and counterclaims of the defendants Atlantic Cement Products, Inc., and Long Island Labor Service Corp., and for judgment on the pleadings * * * and for cancellation of the liens of said defendants under rule 112 of the Rules of Civil Practice on the ground that it appears on the face of the answers of said defendants that their liens are invalid because they were not properly filed as provided by law."

The action is for the foreclosure of a lien on a public improvement, namely, the construction of a road known as First street, Mineola, Nassau county. The defendants filed notices of lien " with the Treasurer of Nassau County and with the Comptroller of the County of Nassau, the financial officers of such County * * * and with the County Engineer of the County of Nassau, who is likewise Commissioner of Public Works and acts as Superintendent of Highways and who is the head of the Department or bureau having charge of the construction hereinbefore mentioned."

The plaintiff claims that the notices of lien were improperly filed, as the county engineer is not the head of the department or bureau having charge of the construction, and that the notices, in addition to being filed with the county treasurer, should have been filed with the board of supervisors of Nassau county, as said construction was exclusively under its jurisdiction.

Section 12 of the Lien Law (as re-enacted by Laws of 1929, chap. 515) provides, in part, as follows: " At any time before the construction of a public improvement is completed and accepted by the state or by the municipal corporation, and within thirty days after such completion and acceptance, a person performing work for or furnishing materials to a contractor, his subcontractor, assignee or legal representative, may file a notice of lien with the head of the department or bureau having charge of such construc-

tion and with the comptroller of the state or with the financial officer of the municipal corporation, or other officer or person charged with the custody and disbursements of the state or corporate funds applicable to the contract under which the claim is made."

The jurisdiction of the board of supervisors over county roads is set forth in chapter 564 of the Laws of 1910, as amended by chapter 384 of the Laws of 1926, and chapter 82 of the Laws of 1928, in effect February 17, 1928, and provides, in part, as follows: " County roads as defined in subdivision three of section three of the highway law and as laid out or designated pursuant to this act shall be exclusively under the jurisdiction of the board of supervisors * * *. The construction and maintenance of such county roads shall be under the supervision of the board of supervisors."

The duties of the county engineer are defined in Laws of 1922, chapter 561, section 2, as amended by chapter 376 of the Laws of 1927, as follows: " § 2. The county engineer shall perform all the county engineering required by the board of supervisors, by the other departments of the county and the provisions of the highway law; he shall make all preliminary surveys for the opening, making, constructing, paving, macadamizing, repairing, grading and establishing the grade of all streets, sidewalks and crosswalks, gutters, sewers, sewer inlets and the measurements of all work done on the same or on other public places within the county; he shall prepare all plans, profiles and specifications therefor when necessary, or when required by the board of supervisors."

It is not important that the county engineer does not also bear the titles of commissioner of public works or superintendent of highways. Under the rule of liberal construction prescribed by section 23 of the Lien Law, it has been declared by the Court of Appeals in *Albany B. S. Co.* v. *Eastern B. & S. Co.* (235 N. Y. 432) that we are to identify the official organ by characterizing its function. The motion herein is for judgment on the pleadings and thus the characterization contained in the answer is admitted as a matter of pleading. The answer characterizes his function in the allegation that he " is the head of the department or bureau having charge of the construction." This characterization does not appear to be inaccurate. The statutes giving the board of supervisors exclusive jurisdiction and supervision of the maintenance and construction of roads do not limit the board as to the manner of supervision and are entirely consistent with that part of the law creating the office of county engineer which provides that he shall perform all the county engineering required by the

board. He is thus in actual charge of the performance of the work of which the board has jurisdiction and supervision and this supports the allegation of the answer that he " is the head of the department or bureau having charge of the construction," as was the State Architect or the school trustees in the cases cited in *Albany B. S. Co.* v. *Eastern B. & S. Co.* (*supra*). The filing of the notices of lien with him was, therefore, sufficient.

Motion for judgment on the pleadings denied, with ten dollars costs.